**BOROWSKI**

v.

**DEPUY, INC., et al.**

No. 86 C 3258.

United States District Court,
N.D. Illinois, E.D.

Oct. 7, 1988.

Mitchell A. Kramer, Louis Aurely, III, Mitchell A. Kramer & Assocs., Philadelphia, Pa., Robert S. Atkins, Robert E. Williams, Robert S. Atkins & Associates, Chicago, Ill., for plaintiff.

Edward F. Fitzpatrick, Lord, Bissell & Brook, Stanley V. Boychuck, Richard C. Palmer, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Donald E. Knebel, Mary Spalding Burns, Barnes & Thornburg, Indianapolis, Ind., for defendants.

## ORDER

BUA, District Judge.

In a report and recommendation dated July 22, 1988, Magistrate Rosemond approved defendants' petitions for attorneys' fees with minor modifications. This court fully adopted the magistrate's report and recommendation in an order entered on August 11, 1988. Plaintiff now seeks relief from the court's August 11 order pursuant to Fed.R.Civ.P. 60(b). Apparently, plaintiff's lead counsel, Mitchell A. Kramer & Associates of Philadelphia, never received a copy of the magistrate's July 22 report and recommendation. Due to this lack of notice, plaintiff contends that his attorneys did not receive a fair opportunity to object to Magistrate Rosemond's report. Despite claiming that his attorneys received no notice, plaintiff admits that his local counsel, Robert Atkins, timely received a copy of the magistrate's report. In light of local procedural rules, local counsel's receipt of the magistrate's report constituted adequate notice. Pursuant to Local Rule 3.13(c), local counsel bears the responsibility of notifying out-of-state counsel of all notices, pleadings, and other documents. In this case, Atkins simply neglected to inform his Philadelphia co-counsel that the magistrate had ruled on defendants' fee petitions. Atkins' failure to comply with Local Rule 3.13(c) does not constitute the sort of "excusable neglect" contemplated by Fed.R.Civ.P. 60(b). Consequently, this court denies plaintiff's motion for relief from the court's order of August 11, 1988.